IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| C.H. B/N/F J.H., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. No. 10-CA-0114-XR |
| | § | |
| Dr. John M. Folks, Superintendent as | § | |
| Representative of NORTHSIDE | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| Barry Perez, Principal, and Frankie Gray, | § | |
| Vice Principal, Pease Middle School | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this date, the Court considered Plaintiff's Motion for New Trial and, in the alternative, to Re-tax Costs (docket no. 35) and the Response thereto. After careful consideration, the Court denies the motion.

**I. Background**

In 2008, C.H. was a student at Pease Middle School in Northside Independent School District. Plaintiff alleges that C.H. entered a bathroom, and while he was in the stall, a school custodian allegedly observed him marking on the inside door of the stall. The custodian had been positioned above the panels in the bathroom ceiling, where he could see into the restrooms. After C.H. exited the restroom, the custodian followed him into the hallway, where he stopped C.H. and put his hand into C.H.'s pockets. C.H. was subsequently arrested and charged with a felony, but the prosecutor declined to prosecute the case.

Plaintiff initiated this lawsuit on C.H.'s behalf against the District; Barry Perez, the Principal of Pease Middle School; and Frankie Gray, the Vice Principal. In his original complaint, C.H.

1

asserted that the action arose "under the Fourth Amendment of the U.S. Constitution and Section 1983" and under the Texas Constitution. Plaintiff also asserted several state-law tort claims.

On May 24, 2010, Defendants filed a motion to dismiss, asserting numerous bases for dismissal of Plaintiff's claims. On June 8, 2010, Plaintiff filed a First Amended Complaint, which contained the same claims, but added allegations relating to an official policy. Defendants filed a second motion to dismiss on June 22, 2010. This Court issued an Order on the motion to dismiss on August 17, 2010. Therein, the Court concluded that Plaintiff was asserting a claim under 42 U.S.C. § 1983 for violations of the Fourth Amendment, specifically that Defendants sexually harassed C.H. and conducted unreasonable searches in violation of the Fourth Amendment by having the custodian observe C.H. in the bathroom stall and detain and search him afterward. Plaintiff also asserted state-law claims of false imprisonment (against the District by and through Folks), intentional infliction of emotional distress (against "Defendants"), invasion of privacy (against "Defendants"), malicious prosecution (against "Defendants"), and negligent hiring and employment (against the District by and through Folks). Claims against the individual defendants were brought against them in both their official or individual capacities.

Because Plaintiff alleged only that the custodian was directed to hide in the bathroom and observe the children by the Principal and Vice Principal, but alleged no facts that would support a conclusion that there was a policy or custom of the District, the claims against the District were dismissed. The official-capacity claims against the individual defendants, which were duplicative of the claims against the District, were dismissed for the same reason. The Court also dismissed all state-law claims.

With regard to the § 1983 claim against Principal Perez and Vice Principal Gray, the Court denied the motion to dismiss on the basis of qualified immunity. The Court concluded that, taking

Plaintiff's allegations as true and considering all the circumstances, the search was not reasonable and violated a clearly established constitutional right. Thus, the Court reasoned that, if Plaintiff's allegations that the custodian was directed to conduct the surveillance of the restroom stalls by Perez and/or Gray were proven to be true, then Perez and Gray would not be entitled to qualified immunity with regard to the search of the restroom stall.[1]

Principal Perez and Vice Principal Gray then moved for summary judgment on the remaining § 1983 claim for violation of the Fourth Amendment related to the restroom stall surveillance. After reviewing the motion and the response, the Court granted summary judgment in favor of Defendants. The Court noted in its analysis that, to support a supervisory liability claim, the misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (en banc). Defendants contended in their motion that Plaintiff could not establish such a link.

Plaintiff's Complaint alleged that the custodian "admitted to spying into the boys' restroom at the direction of the School Principal, Barry Perez," Pl.'s 1st Am. Compl. at 3, and Plaintiff asserted in response to the motion to dismiss that "the custodian was assigned to watch the stalls by the principal and vice principal of the school," Pl.'s Response at 3. However, neither the pleadings nor the statements of counsel constitute summary-judgment evidence. Plaintiff offered no competent summary judgment evidence to support the assertion that the custodian acted under the direction or influence of either the Principal or the Vice Principal. And Defendants offered uncontradicted testimony that the custodian acted alone, with no directive from or even knowledge of Defendants. Accordingly, summary judgment was appropriate.

---

1 Because Plaintiff failed to link the pocket search to the Principal or Vice Principal, the Fourth Amendment claim based on the pocket search was dismissed.

In the motion for new trial, Plaintiff contends that he could not afford to depose the custodian and have the deposition translated, but that "the custodian is expected to testify [at trial] that Principal Barry Perez directed him to spy into the boys' bathroom." Plaintiff further re-asserts his prior argument that the Defendants' allegedly unsatisfactory response upon discovering the custodian's actions is sufficient to allow the inference that the custodian acted either with the knowledge of or direction from the Principal or Vice Principal. Last, Plaintiff contends that he has new evidence that did not come to light until June 2011.

## II. "Motion for New Trial"

Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Group*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion[2] is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Granting rule 59(e) relief to reopen a final judgment is an "extraordinary remedy" that should be "used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

---

2 Plaintiff moves for a new trial, and motions for new trial are governed by Rule 59(a). However, Rule 59(a) presupposes that a trial has occurred, and thus Plaintiff's motion must be treated as a Rule 59(e) motion to alter or amend the judgment. *See McGillivray v. Countrywide Home Loans*, 360 Fed. App'x 533, at *1 n.1 (5th Cir. 2010); *Piazza's Seafood World LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006) ("The district court correctly characterized and analyzed the Commissioner's Rule 59(a) motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment.").

4

Plaintiff fails to demonstrate that the order granting summary judgment was based on a manifest error of fact or law. To the extent Plaintiff argues that he had been unable to depose the custodian, who is expected to testify at trial in support of Plaintiff's case, Plaintiff failed to raise this issue in a timely manner. The proper procedure to raise this issue is provided in Rule 56(d) – "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). The Fifth Circuit does not allow a party to wait to raise the inability to obtain evidence for the first time in a Rule 59 motion. *See Fanning v. Metro. Transit Auth.*, 141 Fed. App'x 311, 314 (5th Cir. 2005) ("[O]ur court has foreclosed a party's contention on appeal that it had inadequate time to marshal evidence to defend against summary judgment when the party did not seek Rule 56(f) [now rule 56(d)] relief before the summary judgment ruling. A Rule 56[(d)] motion [for continuance], not [a rule 59(e) motion] for reconsideration, is the proper remedy for a party claiming summary judgment is inappropriate because of inadequate discovery." Accordingly, Plaintiff's inability to depose the custodian does not provide an adequate basis for relief at this time. Further, Plaintiff fails to demonstrate that the Court erred in its analysis of the evidence that was presented.

With regard to Plaintiff's assertion that new evidence requires relief from the judgment, Plaintiff refers to evidence that "came to light" on June 2, 2011 that "would show that C.H. had a serious emotional disturbance that had only recently been diagnosed" and the District failed to identify the child as a child with a disability. Plaintiff argues that C.H. would have been entitled to a manifestation hearing to determine if his behavior was connected to his disability when the incident the subject of this suit occurred, and with appropriate modifications and accommodations, he may

5

not have been marking on the bathroom wall in the first place. Plaintiff asserts that "[i]t is possible that the complaint may have been amended to include these issues" and "[a] more rapid resolution may have been found."

This new evidence is not relevant to the claims presented in this case – whether Defendants violated C.H.'s Fourth Amendment rights or otherwise wronged him in relation to the incident in the bathroom. Rather, the evidence is relevant to an entirely new and independent legal theory, and thus does not support relief under Rule 59(e). A Rule 59(e) motion is not an appropriate vehicle for asserting new legal theories or claims.

### III. Bill of Costs

In its Judgment, the Court awarded costs to Defendants as the prevailing parties pursuant to Rule 54. Defendants timely filed their Bill of Costs on July 11, 2011, seeking $852.41 in costs. Section 1920, Taxation of costs, provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be

6

awarded under Federal Rule of Civil are limited to those enumerated in 28 U.S.C. § 1920. *Id.*

Defendants seek $821.00 for the cost of depositions of Plaintiffs C.H. and J.H. It appears that this includes both "video depositions ... and transcription of same." The Court finds that these depositions were necessarily obtained for use in the case. However, this Court generally does not allow an award of costs for both printed and electronically recorded transcripts, and thus Defendants must elect recovery of only one and provide evidence regarding the amount.

Defendants also seek $25.70 for in-house copying fees, which they summarily assert were necessarily obtained for use in the case. However, without any further information, the Court is unable to find, as it is required to do, that these copies were necessarily obtained for use in the case. To obtain an award of these costs, Defendants must submit sufficient information for the Court to make the determination that the copies were necessarily obtained for use in the case.

Last, Defendants seek $5.71 for a certified mailing fee incurred for mailing documents to Plaintiff. However, § 1920 does not include reimbursement for such fees, and thus the request for these costs is denied.

Defendants' request for costs is therefore denied without prejudice to refiling with sufficient documentation to support the award of costs as stated herein.

### IV. Motion to Re-tax Costs

Plaintiff requests that the Court re-tax costs "to consider the family income and the undue burden on this family if they are forced to pay the court costs for which they could not obtain a loan nor pay from income any time in the near future." Because Plaintiff does not challenge any specific request for costs but rather the entire amount of costs, the Court construes the motion as a request to deny costs to Defendants. Though the Court has already denied the request for costs, it did so without prejudice to refiling, and thus this motion is not moot.

Federal Rule of Civil Procedure 54(d) provides that costs *should be* allowed as a matter of course to the prevailing party. Thus, prevailing parties in a lawsuit enjoy a strong presumption that they will be awarded court costs. *See Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539 (5th Cir. 1990). In fact, the Fifth Circuit has held that the prevailing party is prima facie entitled to costs. *Meadows v. Lake Travis Indep. Sch. Dist.*, 397 Fed. App'x 1, *2 (5th Cir. 2010) (citing *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006)). The trial court has discretion whether to award costs, but the exercise of such discretion is an exception to the general rule. *See U.S. v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987); *Martinez v. Ford Motor Co.*, 162 F.3d 1159, *2 (5th Cir. 1998); *see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health*, 532 U.S. 598, 606 n.8 (2001) ("Courts generally, and this Court in particular, then and now, have a presumptive rule for costs which the Court in its discretion may vary."). When costs are denied to the prevailing party, the Court must give an adequate reason for the denial. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). Generally, the district court cannot require the prevailing party to share costs unless the costs serve as a sanction. *Id.*

Plaintiff contends that a payment of costs would be a financial burden and that Plaintiff sought leave to proceed *in forma pauperis*. The Court finds that Plaintiff should not be relieved of the court costs merely because of poor financial status. Though some circuits have fashioned rules permitting indigent parties to be relieved of court costs in ceratin circumstances, the Fifth Circuit has not done so. Further, even parties proceeding *in forma pauperis* may be liable for costs at the conclusion of a proceeding "as in other proceedings." 28 U.S.C. § 1915(f)(1).

Plaintiff also argues that this case was brought in good faith – it is undisputed that the custodian engaged in inappropriate conduct – and that an award of costs would discourage parents from pursuing relief on behalf of their children. However, the losing parties' good faith is

insufficient to justify the denial of costs to a prevailing party. *Pacheco*, 448 F.3d at 795. "[A] purported inability to pay or a potential chilling effect on seeking redress in court will not suffice to avoid an award of costs." *Escopeta Oil & Gas. Corp. v. Songa Mgmt.*, Civ. A. No. 1:06-CV-386, 2007 WL 171721 (E.D. Tex. Jan. 17, 2007) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997)). While the Court is sympathetic to Plaintiff's arguments, Plaintiff has failed to present the Court with a sufficient basis for deviating from the presumption that the prevailing party be awarded costs, especially given that the amount of costs in this case is minimal. Thus, the motion to deny costs is denied.

## Conclusion

Plaintiff's motion for new trial and alternative motion to deny costs (docket no. 35) is DENIED. Defendant is directed to file a revised Bill of Costs in accordance with this Order within 10 business days.

SIGNED this 9th day of August, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE